UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FIDELITY NATIONAL INSURANCE COMPANY,

        Plaintiff,

v.

SURGEEN DEVELOPMENT LLC; CHRISTOPHER J. GEEN; BRYAN HANSON; UNKNOWN OWNERS & NON-RECORD CLAIMANTS,

        Defendants.

17-CV-2641

Hon. John Z. Lee

## DEFENDANT SURGEEN DEVELOPMENT, LLC'S ANSWER TO COMPLAINT

### COUNT I - FORECLOSURE

1. Plaintiff, FIRST CHICAGO BANK AND TRUST, files this COMPLAINT to foreclose the mortgage (or other conveyance in the nature of a mortgage) (hereinafter called "Mortgage") hereinafter described and joins the following persons as Defendants: SURGEEN DEVELOPMENT LLC; CHRISTOPHER; J. GEEN; BRYAN HANSON; UNKNOWN OWNERS and NON-RECORD CLAIMANTS.

**ANSWER: Admit that this was accurate when the complaint was filed in 2008.**

2. Attached as Plaintiff's Exhibit "A" is a copy of the Mortgage, as Plaintiff's Exhibit "B" is a copy of the Note secured thereby.

**ANSWER: Admitted.**

3. Information concerning the Mortgage:

    (a) Nature of instrument: Mortgage.

**ANSWER: Admitted.**

    (b) Date of Mortgage: AUGUST 3, 2007

**ANSWER: Admitted.**

    (c) Name of Mortgagor: SURGEEN DEVELOPMENT LLC.

**ANSWER: Admitted.**

    (d) Name of Mortgagee: FIRST CHICAGO BANK AND TRUST.

1

**ANSWER: Denied. The name of the mortgagee is First Chicago Bank & Trust.**

  (e) Date and place of recording: SEPTEMBER 10, 2007 at the office of the Recorder of Deeds of DuPage County, Illinois.

**ANSWER: Admitted.**

  (f) Identification of recording: Document No. R2007-166783.

**ANSWER: Admitted.**

  (g) Interest subject to the Mortgage: Fee simple.

**ANSWER: Admitted.**

  (h) Amount of original indebtedness including subsequent advances made under the Mortgage: $973,000.00.

**ANSWER: Denied. This was a construction loan of up to $973,000; that does not mean that the entire amount was disbursed.**

  (I) Both the legal description of the mortgaged real estate and the common address or other information sufficient to identify it with reasonable certainty:

LOT 1 IN BATTISTA'S DIVISION OF ALL OF THE WEST ½ AND THE NORTH 100 FEET, MEASURED ON THE EAST LINE OF THE EAST ½ OF LOT 21, IN FAIRVIEW ADDITION TO VILLA PARK, IN THE WEST ½ OF THE SOUTHEAST ¼ OF SECTION 9, TOWNSHIP 39 NORTH, RANGE 11, EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED MAY 16, 1950 AS DOCUMENT 593058, IN DUPAGE COUNTY, ILLINOIS.

P.I.N. 06-09-411-041-0000

COMMON ADDRESS: 722 SOUTH HARVARD, VILLA PARK, IL 60181

**ANSWER: Admitted.**

  (j) Statement as to defaults and amounts now due:

    (1) Default of the mortgagors occurred on AUGUST 3, 2008, and payments which have become due under the secured Note are in default and arrears in the total amount of $321,290.96. In addition, the real estate taxes are unpaid and delinquent.

    (2) The total amount now due is $321,290.96 as of SEPTEMBER 25, 2008 plus interest accrued thereafter, court costs, title costs, and Plaintiffs attorney's fees.

**ANSWER: Deny that there are mortgagors. Surgeen lacks knowledge or information sufficient to form a belief as to whether a default occurred, the exact date of the default, or the amounts due on any particular date.**

    (k)    Statement as to per diem interest accruing under the Mortgage after default: the per diem interest accruing under the Mortgage after default is $49.09.

**ANSWER: Surgeen lacks knowledge and information sufficient to form a belief as to the allegation in this paragraph.**

    (l)    Name of present owner of real estate: SURGEEN DEVELOPMENT LLC

**ANSWER: Admitted.**

    (m)    Names of other persons who are joined as Defendants and whose interest in or lien on the mortgaged real estate is sought to be terminated:

        (1)    UNKNOWN OWNERS.

        (2)    NON-RECORD CLAIMANTS.

        (3)    CHRISTOPHER J. GEEN

        (4)    BRYAN HANSON

**ANSWER: Admitted.**

    (n)    Name of Defendants claimed to be personally liable for deficiency, if any: SURGEEN DEVELOPMENT LLC, CHRISTOPHER J. GEEN & BRYAN HANSON.

**ANSWER: Admitted, although Messrs. Geen and Hanson have apparently both received discharges in bankruptcy.**

    (o)    Capacity in which Plaintiff brings this Foreclosure: As the owner and legal holder of the Note, Mortgage and indebtedness.

**ANSWER: Deny. First Chicago Bank & Trust was the true owner and legal holder of the Note, Mortgage and indebtedness in 2008, although this is no longer true.**

    (p)    Facts in support of shortened redemption period, if sought: None at this time.

**ANSWER: No response appears to be necessary for this allegation, which does not include any facts.**

    (q)    Facts in support of request for attorney's fees and of costs and expenses, if applicable: Plaintiff has been required to retain counsel for the prosecution of this foreclosure and to incur substantial attorney's fees, court costs, title

insurance or abstract costs and other expenses which should be added to the balance secured by the Mortgage.

**ANSWER: Admit that the mortgage allows the "lender" to do this. If plaintiff is a successor or assignee of the original lender it is entitled to do this.**

    (r)    Facts in support of request for appointment of Mortgagee in possession or for the appointment of a receiver, and the identity of such receiver, if sought: None at this time.

**ANSWER: No response appears to be necessary to this allegation, which does not include any facts.**

COUNT II
BREACH OF CONTRACT
GUARANTY- BRYAN HANSON

1.    Plaintiff is a banking institution authorized to transact business in the State of Illinois, with its principal office at 1145 N. Arlington Heights Road, Itasca, IL 60143.

**ANSWER: Admit that First Chicago Bank and Trust was a banking institution authorized to transact business in the state of Illinois at the time this lawsuit was filed.**

2.    The Defendant, BRYAN HANSON, is an individual residing in Illinois.

**ANSWER: Admit that this was accurate at the time plaintiff filed its lawsuit. Surgeen lacks knowledge and information sufficient to form a belief as to whether Mr. Hanson still lives in Illinois.**

3.    On or about August 3, 2007, for value received, SURGEEN DEVELOPMENT LLC executed a certain Note, which note is known as Note No. 112014720-1, a copy of which is attached hereto, marked as Plaintiff's Exhibit "B" and incorporated herein by reference.

**ANSWER: Surgeen admits that it executed the note on August 3, 2007 and that a copy was attached to the complaint as Exhibit B. Surgeen lacks knowledge and information sufficient to form a belief as to the rest of the allegation in this paragraph.**

4.    Thereafter, from time-to-time, SURGEEN DEVELOPMENT LLC made certain payments on the aforesaid Note.

**ANSWER: Admitted.**

5.    SURGEEN DEVELOPMENT LLC has defaulted on payment of the aforesaid Note.

**ANSWER: Surgeen lacks knowledge and information sufficient to form a belief as to the allegation in this paragraph.**

6.    Plaintiff has complied with all conditions precedent to the aforesaid Note.

4

**ANSWER: It is impossible to respond to this as it is gibberish. If it is intended to allege that First Chicago complied with all conditions precedent to enforcing the note, Surgeen lacks knowledge and information sufficient to form a belief as to whether this allegation is accurate.**

7. After allowing SURGEEN DEVELOPMENT LLC all just set-offs and credits for monies received, there remains due and owing from SURGEEN DEVELOPMENT LLC to the Plaintiff the sum of $321,290.96 on the aforesaid Note which sum continues to accrue interest.

**ANSWER: Surgeen lacks knowledge and information sufficient to form a belief as to the allegation in this paragraph.**

8. Pursuant to the aforesaid Note, Plaintiff is entitled to and claims all reasonable costs and attorneys' fees.

**ANSWER: Admit that if the note was breached the note holder was entitled to costs and fees. Deny that plaintiff is the current note holder.**

9. Prior to the execution of the aforesaid Note by SURGEEN DEVELOPMENT LLC, for value received, the Defendant, BRYAN HANSON, executed a full and complete Guaranty in favor of the Plaintiff, a copy of which is attached hereto, marked as Plaintiff's Exhibit "C", and incorporated herein by reference.

**ANSWER: Surgeen lacks knowledge and information sufficient to form a belief as to the allegation in this paragraph.**

10. In said Guaranty, the Defendant, BRYAN HANSON, guaranteed the full and prompt payment of all obligations and liabilities of SURGEEN DEVELOPMENT LLC to Plaintiff.

**ANSWER: Admit that such a guarantee was furnished to First Chicago.**

11. Demand has been made upon the Defendant BRYAN HANSON for payment.

**ANSWER: Surgeen lacks knowledge and information sufficient to form a belief as to the allegation in this paragraph.**

COUNT III
BREACH OF CONTRACT
GUARANTY - CHRISTOPHER J. GEEN

1. Plaintiff is a banking institution authorized to transact business in the State of Illinois, with its principal office at 1145 N. Arlington Heights Road, Itasca, IL 60143.

**ANSWER: Admit that First Chicago Bank and Trust was a banking institution authorized to transact business in the state of Illinois at the time this lawsuit was filed.**

2. The Defendant, CHRISTOPHER J. GEEN, is an individual residing in Illinois.

**ANSWER: Admit that this was accurate at the time plaintiff filed its lawsuit. Surgeen lacks knowledge and information sufficient to form a belief as to whether Mr. Geen still lives in Illinois.**

3. On or about August 3, 2007, for value received, SURGEEN DEVELOPMENT LLC executed a certain Note, which note is known as Note No. 112014720-1, a copy of which is attached hereto, marked as Plaintiffs Exhibit "B" and incorporated herein by reference.

**ANSWER: Surgeen admits that it executed the note on August 3, 2007 and that a copy was attached to the complaint as Exhibit B. Surgeen lacks knowledge and information sufficient to form a belief as to the rest of the allegation in this paragraph.**

4. Thereafter, from time-to-time, SURGEEN DEVELOPMENT LLC made certain payments on the aforesaid Note.

**ANSWER: Admitted.**

5. SURGEEN DEVELOPMENT LLC has defaulted on payment of the aforesaid Note.

**ANSWER: Surgeen lacks knowledge and information sufficient to form a belief as to the allegation in this paragraph.**

6. Plaintiff has complied with all conditions precedent to the aforesaid Note.

**ANSWER: It is impossible to respond to this as it is gibberish. If it is intended to allege that First Chicago complied with all conditions precedent to enforcing the note, Surgeen lacks knowledge and information sufficient to form a belief as to whether this allegation is accurate.**

7. After allowing SURGEEN DEVELOPMENT LLC all just set-offs and credits for monies received, there remains due and owing from SURGEEN DEVELOPMENT LLC to the Plaintiff the sum of $321,290.96 on the aforesaid Note which sum continues to accrue interest.

**ANSWER: Surgeen lacks knowledge and information sufficient to form a belief as to the allegation in this paragraph.**

8. Pursuant to the aforesaid Note, Plaintiff is entitled to and claims all reasonable costs and attorneys' fees.

**ANSWER: Admit that if the note was breached the note holder was entitled to costs and fees. Deny that plaintiff is the current note holder.**

9. Prior to the execution of the aforesaid Note by SURGEEN DEVELOPMENT LLC, for value received, the Defendant, CHRISTOPHER J. GEEN, executed a full and complete Guaranty in favor of the Plaintiff, a copy of which is attached hereto, marked as Plaintiff's Exhibit "D", and incorporated herein by reference.

**ANSWER: Surgeen lacks knowledge and information sufficient to form a belief as to the allegation in this paragraph.**

10. In said Guaranty, the Defendant, CHRISTOPHER J. GEEN, guaranteed the full and prompt payment of all obligations and liabilities of SURGEEN DEVELOPMENT LLC to Plaintiff.

**ANSWER: Admit that such a guarantee was furnished to First Chicago.**

11. Demand has been made upon the Defendant, CHRISTOPHER J. GEEN for payment.

**ANSWER: Surgeen lacks knowledge and information sufficient to form a belief as to the allegation in this paragraph.**

## STATEMENT

Given the absence of allegations about whether or why Fidelity has standing, and the absence of competent evidence of standing in the "Mortgagee in Possession" motion, Surgeen is deferring assertion of set-offs or counterclaims until Fidelity demonstrates to the Court that it has standing to foreclose.

Respectfully submitted,

SURGEEN DEVELOPMENT LLC

/s/ Adam Goodman
*One of its Counsel*

Adam Goodman (#6229333)
Goodman Tovrov
 Hardy & Johnson LLC
105 W. Madison Street, Ste. 1500
Chicago, IL 60602
(312) 238-9592
Fax: (312) 264-2535
agoodman@goodtov.com

## CERTIFICATE OF SERVICE

  The undersigned, an attorney, certifies that on June 19, 2017 he caused a copy of the attached **DEFENDANT SURGEEN DEVELOPMENT, LLC'S ANSWER TO COMPLAINT** to be served via electronic court filing on all parties listed below:

Gregory Peter Adamo
Clingen Callow & McLean, LLC
2300 Cabot Drive, Ste. 500
Lisle, IL 60532
adamo@ccmlawyer.com
(attorney for Fidelity National Insurance Company)

                    /s/ Adam Goodman