UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO TITLE INSURANCE COMPANY,<br><br>      Plaintiff,<br>v.<br><br>SURGEEN DEVELOPMENT, LLC ; CHRISTOPHER J. GEEN; BRYAN HANSON; UNKNOWN OWNERS & NON-RECORD CLAIMANTS,<br><br>      Defendants. | 17-CV-2641<br><br>Hon. John Z. Lee |

## SURGEEN DEVELOPMENT, LLC'S ANSWER TO COMPLAINT

### COUNT 1 - FORECLOSURE

1. Plaintiff, FIRST CHICAGO BANK AND TRUST, files this COMPLAINT to foreclose the mortgage (or other conveyance in the nature of a mortgage) (hereinafter called "Mortgage") hereinafter described and joins the following persons as Defendants: SURGEEN DEVELOPMENT LLC; CHRISTOPHER; J. GEEN; BRYAN HANSON; UNKNOWN OWNERS and NON-RECORD CLAIMANTS.

**ANSWER: Admit that this was accurate when the complaint was filed in 2008.**

2. Attached as Plaintiff's Exhibit "A" is a copy of the Mortgage, as Plaintiff Exhibit "B" is a copy of the Note secured thereby.

**ANSWER: Admitted.**

3. Information concerning the Mortgage:

  (a) Nature of instrument: Mortgage.

**ANSWER: Admitted.**

  (b) Date of Mortgage: AUGUST 3, 2007

**ANSWER: Admitted.**

  (c) Name of Mortgagor: SURGEEN DEVELOPMENT LLC.

**ANSWER: Admitted.**

1

(d) Name of Mortgagee: FIRST CHICAGO BANK AND TRUST.

**ANSWER: Denied. The name of the mortgagee is First Chicago Bank & Trust.**

(e) Date and place of recording: SEPTEMBER 10, 2007 at the office of the Recorder of Deeds of DuPage County, Illinois.

**ANSWER: Admitted.**

(f) Identification of recording: Document No. R2007-166780.

**ANSWER: Admitted.**

(g) Interest subject to the Mortgage: Fee simple.

**ANSWER: Admitted.**

(h) Amount of original indebtedness including subsequent advances made under the Mortgage: $698,400.00.

**ANSWER: Denied. This was a construction loan of up to $698,400; that does not mean that the entire amount was disbursed.**

(I) Both the legal description of the mortgaged real estate and the common address or other information sufficient to identify it with reasonable certainty:

LOT 169 IN ROBERTSON'S MADISON STREET ARDMORE, BEING A SUBDIVISION OF THE WEST HALF OF THE NORTHWEST QUARTER OF SECTION 15, TOWNSHIP 39 NORTH, RANGE 11, EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED OCTOBER 20, 1926 AS DOCUMENT 223461, IN DUPAGE COUNTY, ILLINOIS.

ALSO KNOWN AS LOTS 1 AND 2 OF SHARKEY-LAPIETRA RESUBDIVISION OF PART OF THE NORTHWEST ¼ OF SECTION 15, TOWNSHIP 39 NORTH, RANGE 11, EAST OF THE THIRD PRINCIPAL MERIDIAN ACCORDING TO THE PLAT THEREOF RECORDED SEPTEMBER 15, 2006 AS DOCUMENT R2006-180045, IN DUPAGE COUNTY, ILLINOIS.

P.I.N. 061-15103-016-0000

COMMON ADDRESS: 1004 SOUTH CORNELL, VILLA PARK, IL 60181

**ANSWER: Admitted.**

(j) Statement as to defaults and amounts now due:

(1) Default of the mortgagors occurred on AUGUST 3, 2008, and payments which have become due under the secured Note are in default and arrears in the total amount of $287,752.07. In addition, the real estate taxes are unpaid and delinquent.

2

(2) The total amount now due is $287,752.07 as of SEPTEMBER 25, 2008 plus interest accrued thereafter, court costs, title costs, and Plaintiffs attorney's fees.

**ANSWER: Deny that there are mortgagors. Surgeen lacks knowledge or information sufficient to form a belief as to whether a default occurred, the exact date of the default, or the amounts due on any particular date.**

(k) Statement as to per diem interest accruing under the Mortgage after default: the per diem interest accruing under the Mortgage after default is $43.96.

**ANSWER: Surgeen lacks knowledge and information sufficient to form a belief as to the allegation in this paragraph.**

(l) Name of present owner of real estate: SURGEEN DEVELOPMENT LLC

**ANSWER: Admitted.**

(m) Names of other persons who are joined as Defendants and whose interest in or lien on the mortgaged real estate is sought to be terminated:

(1) UNKNOWN OWNERS.

(2) NON-RECORD CLAIMANTS.

(3) CHRISTOPHER J, GEEN

(4) BRYAN HANSON

**ANSWER: Admitted.**

(n) Name of Defendants claimed to be personally liable for deficiency, if any: SURGEEN DEVELOPMENT LLC, CHRISTOPHER J. GEEN & BRYAN HANSON.

**ANSWER: Admitted, although Messrs. Geen and Hanson have apparently both received discharges in bankruptcy.**

(o) Capacity in which Plaintiff brings this Foreclosure: As the owner and legal holder of the Note, Mortgage and indebtedness.

**ANSWER: Deny. First Chicago Bank & Trust was the true owner and legal holder of the Note, Mortgage and indebtedness in 2008, although this is no longer true.**

(p) Facts in support of shortened redemption period, if sought: None at this time.

**ANSWER: No response appears to be necessary for this allegation, which does not include any facts.**

3

(q) Facts in support of request for attorney's fees and of costs and expenses, if applicable: Plaintiff has been required to retain counsel for the prosecution of this foreclosure and to incur substantial attorney's fees, court costs, title insurance or abstract costs and other expenses which should be added to the balance secured by the Mortgage.

**ANSWER: Admit that the mortgage allows the "lender" to do this. If plaintiff is a successor or assignee of the original plaintiff it is entitled to do this.**

(r) Facts in support of request for appointment of Mortgagee in possession or for the appointment of a receiver, and the identity of such receiver, if sought: None at this time.

**ANSWER: No response appears to be necessary to this allegation, which does not include any facts.**

## COUNT II
## BREACH OF CONTRACT
## GUARANTY- BRYAN HANSON

1. Plaintiff is a banking institution authorized to transact business in the State of Illinois, with its principal office at 1145 N. Arlington Heights Road, Itasca, IL 60143.

**ANSWER: Admit that First Chicago Bank and Trust was a banking institution authorized to transact business in the state of Illinois at the time this lawsuit was filed.**

2. The Defendant, BRYAN HANSON, is an individual residing in Illinois.

**ANSWER: Admit that this was accurate at the time plaintiff filed its lawsuit. Surgeen lacks knowledge and information sufficient to form a belief as to whether Mr. Hanson still lives in Illinois.**

3. On or about August 3, 2007, for value received, SURGEEN DEVELOPMENT LLC executed a certain Note, which note is known as Note No. 112014739-1, a copy of which is attached hereto, marked as Plaintiff's Exhibit "B" and incorporated herein by reference.

**ANSWER: Surgeen admits that it executed the note on August 3, 2007 and that a copy was attached to the complaint as Exhibit B. Surgeen lacks knowledge and information sufficient to form a belief as to the rest of the allegation in this paragraph.**

4. Thereafter, from time-to-time, SURGEEN DEVELOPMENT LLC made certain payments on the aforesaid Note.

**ANSWER: Admitted.**

5. SURGEEN DEVELOPMENT LLC has defaulted on payment of the aforesaid Note.

**ANSWER: Surgeen lacks knowledge and information sufficient to form a belief as to the allegation in this paragraph.**

6.  Plaintiff has complied with all conditions precedent to the aforesaid Note.

**ANSWER: It is impossible to respond to this as it is gibberish. If it is intended to allege that First Chicago complied with all conditions precedent to enforcing the note, Surgeen lacks knowledge and information sufficient to form a belief as to whether this allegation is accurate.**

7.  After allowing SURGEEN DEVELOPMENT LLC all just set-offs and credits for monies received, there remains due and owing from SURGEEN DEVELOPMENT LLC to the Plaintiff the sum of $287,752.07 on the aforesaid Note which sum continues to accrue interest.

**ANSWER: Surgeen lacks knowledge and information sufficient to form a belief as to the allegation in this paragraph.**

8.  Pursuant to the aforesaid Note, Plaintiff is entitled to and claims all reasonable costs and attorneys' fees.

**ANSWER: Admit that if the note was breached the note holder was entitled to costs and fees. Deny that plaintiff is the current note holder.**

9.  Prior to the execution of the aforesaid Note by SURGEEN DEVELOPMENT LLC, for value received, the Defendant, BRYAN HANSON, executed a full and complete Guaranty in favor of the Plaintiff, a copy of which is attached hereto, marked as Plaintiff's Exhibit "C", and incorporated herein by reference.

**ANSWER: Surgeen lacks knowledge and information sufficient to form a belief as to the allegation in this paragraph.**

10. In said Guaranty, the Defendant, BRYAN HANSON, guaranteed the full and prompt payment of all obligations and liabilities of SURGEEN DEVELOPMENT LLC to Plaintiff.

**ANSWER: Admit that such a guarantee was furnished to First Chicago.**

11. Demand has been made upon the Defendant BRYAN HANSON for payment.

**ANSWER: Surgeen lacks knowledge and information sufficient to form a belief as to the allegation in this paragraph.**

## COUNT III
## BREACH OF CONTRACT
## GUARANTY - CHRISTOPHER J. GEEN

1.  Plaintiff is a banking institution authorized to transact business in the State of Illinois, with its principal office at 1145 N. Arlington Heights Road, Itasca, IL 60143.

**ANSWER:** Admit that First Chicago Bank and Trust was a banking institution authorized to transact business in the state of Illinois at the time this lawsuit was filed.

2. The Defendant, CHRISTOPHER J. GEEN, is an individual residing in Illinois.

**ANSWER:** Admit that this was accurate at the time plaintiff filed its lawsuit. Surgeen lacks knowledge and information sufficient to form a belief as to whether Mr. Geen still lives in Illinois.

3. On or about August 3, 2007, for value received, SURGEEN DEVELOPMENT LLC executed a certain Note, which note is known as Note No. 112014739-1, a copy of which is attached hereto, marked as Plaintiffs Exhibit "B" and incorporated herein by reference.

**ANSWER:** Surgeen admits that it executed the note on August 3, 2007 and that a copy was attached to the complaint as Exhibit B. Surgeen lacks knowledge and information sufficient to form a belief as to the rest of the allegation in this paragraph.

4. Thereafter, from time-to-time, SURGEEN DEVELOPMENT LLC made certain payments on the aforesaid Note.

**ANSWER: Admitted.**

5. SURGEEN DEVELOPMENT LLC has defaulted on payment of the aforesaid Note.

**ANSWER:** Surgeen lacks knowledge and information sufficient to form a belief as to the allegation in this paragraph.

6. Plaintiff has complied with all conditions precedent to the aforesaid Note.

**ANSWER:** It is impossible to respond to this as it is gibberish. If it is intended to allege that First Chicago complied with all conditions precedent to enforcing the note, Surgeen lacks knowledge and information sufficient to form a belief as to whether this allegation is accurate.

7. After allowing SURGEEN DEVELOPMENT LLC all just set-offs and credits for monies received, there remains due and owing from SURGEEN DEVELOPMENT LLC to the Plaintiff the sum of $287,752.07 on the aforesaid Note which sum continues to accrue interest.

**ANSWER:** Surgeen lacks knowledge and information sufficient to form a belief as to the allegation in this paragraph.

8. Pursuant to the aforesaid Note, Plaintiff is entitled to and claims all reasonable costs and attorneys' fees.

**ANSWER:** Admit that if the note was breached the note holder was entitled to costs and fees. Deny that plaintiff is the current note holder.

9. Prior to the execution of the aforesaid Note by SURGEEN DEVELOPMENT LLC, for value received, the Defendant, CHRISTOPHER J. GEEN, executed a full and complete

Guaranty in favor of the Plaintiff, a copy of which is attached hereto, marked as Plaintiffs Exhibit "D", and incorporated herein by reference.

**ANSWER: Surgeen lacks knowledge and information sufficient to form a belief as to the allegation in this paragraph.**

10. In said Guaranty, the Defendant, CHRISTOPHER J. GEEN, guaranteed the full and prompt payment of all obligations and liabilities of SURGEEN DEVELOPMENT LLC to Plaintiff.

**ANSWER: Admit that such a guarantee was furnished to First Chicago.**

11. Demand has been made upon the Defendant, CHRISTOPHER J. GEEN for payment.

**ANSWER: Surgeen lacks knowledge and information sufficient to form a belief as to the allegation in this paragraph.**

## AFFIRMATIVE DEFENSES

1. **Capacity.** Plaintiff Chicago Title Insurance Company (CTIC) purports to be the third owner of the note and mortgage at issue in this case. The original owner, First Chicago, failed and was seized by the Federal Deposit Insurance Corporation (FDIC) in 2011. Some, but not all, of First Chicago's assets were purchased by Northbrook Bank & Trust in July of 2011. CTIC then purchased the note and mortgage at issue in this case from Northbrook in 2017. But that transaction only provides CTIC capacity to proceed here if Northbrook acquired the note and mortgage from the FDIC as receiver of First Chicago in 2011. It is not clear whether that happened. And since the note and mortgage at issue "merged into the judgment" and ceased to exist in 2008 when First Chicago received the initial judgment in this case, neither that note nor that judgment would have been assets of First Chicago when it failed in 2011, and could not have been acquired by Northbrook.

2. **Violation of public policy.** CTIC claims to have purchased the disputed note. That makes CTIC a debt collector pursuant to the Illinois Collection Agency Act (ICAA). Title insurers are not considered to be "insurance companies" under Illinois law, so the exemption in

7

the ICAA for insurance companies does not apply to CTIC. There is no similar exemption for title insurance companies. CTIC has admitted in discovery that it does not possess a valid collection agency license in Illinois, and has refused to answer questions about the frequency with which it purchases debts. Unlicensed illegal collection activity is, as a matter of public policy, null and void; dismissal of this lawsuit would be an appropriate sanction.

3. **Set off.** Surgeen has been wrongfully deprived of its property for almost ten years. It is entitled to restitution in the form of a set off for the fair market rental value of the property during that time, plus interest at an appropriate rate. CTIC knew at the time that it purportedly purchased the disputed note that the Circuit Court and the Illinois Appellate Court had held that First Chicago did not properly serve Surgeen, that the judgment previously entered in First Chicago's favor was void, and that Illinois law requires immediate a priori restitution when a judgment has been vacated on appeal. Hence equity and good conscience require that Surgeen be allowed to set off the fair market rental value of the property, plus interest, against any "deficiency" judgment.

COUNTERCLAIM

<u>Count I: Declaratory and Injunctive Relief with Regard to ICAA Violations</u>

1. Counter-claim plaintiff The People of the State of Illinois (People), by Surgeen Development LLC, an Illinois limited liability company (Surgeen), brings this claim pursuant to the ICAA, 225 ILCS 425/1. Surgeen's answer and affirmative defense #2, above, are incorporated by reference into this counterclaim.

2. Surgeen is allowed by the ICAA, 225 ILCS 425/14a, to maintain this claim in the name of the People to enjoin CTIC's violations of the ICAA.

3. In violation of the ICAA, 225 ILCS 425/4, CTIC has engaged in the collection of debts without first having obtained a certificate pursuant to the ICAA.

4. In violation of the ICAA, CTIC purchased Surgeen's mortgage loan and engaged in collection of same.

5. On information and belief, CTIC has acted as a collection agency by buying indebtedness and engaging in collecting same by prosecuting mortgage foreclosure proceedings against property owners. CTIC has, to date, frustrated discovery into the frequency with which it buys debt by wrongfully refusing to answer such discovery. Surgeen will ask the Court to either order CTIC to answer this discovery or to deem CTIC estopped to deny that it buys indebtedness with some frequency.

WHEREFORE, Surgeen, on behalf of the People, respectfully requests that this Court enter the following relief:

A. Find that CTIC engaged in the collection of debts without first having obtained a certificate, in violation of the ICAA;

B. Preliminarily and permanently enjoining CTIC, acting alone or in concert with others, from engaging in the business of a collection agency or performing any collection agency services for any Illinois debts;

C. Declaring that all contracts entered into between CTIC and sellers of mortgages and notes are void;

D. Requiring CTIC to pay all costs, including attorney fees, incurred by Surgeen for the investigation and prosecution of this counterclaim; and

E. Awarding any other just and equitable relief that this Court deems necessary.

## COUNT II: IMMEDIATE A PRIORI RESTITUTION

6. Surgeen brings this claim against CTIC. To the extent that it is not inconsistent with the allegations of this Count, Surgeen incorporates its answer to the complaint and affirmative defense #3, above, by reference.

7. First Chicago foreclosed upon the mortgage at issue in this case in 2008. That decision was later vacated, in part, by the Circuit Court and then the rest of the decision was reversed on appeal in 2016, because Surgeen was never served with process.

8. As a result of its partial victory in the Circuit Court and its complete victory in the Illinois Appellate Court, Surgeen is entitled to be restored to the status it had before the rendering of the original judgment.

9. Restitution upon vacatur and appellate reversal is an absolute right, and is required to be made without consideration of what the further result of the litigation might be.

10. Surgeen is, and was, a real estate firm. The best way to provide for restitution would be to award Surgeen the fair market rental value of the property from the point in time in 2008 that Surgeen wrongfully lost possession through and until the point in time when Surgeen regains possession, which has not happened yet, plus interest at an equitable rate.

WHEREFORE, for the foregoing reasons Surgeen respectfully requests that this Court order immediate a priori restitution, plus interest, possession and its costs.

Respectfully submitted,

SURGEEN DEVELOPMENT LLC

/s/ Adam Goodman
*One of its Counsel*

Adam Goodman (#6229333)
Goodman Tovrov

Hardy & Johnson LLC
105 W. Madison Street, Ste. 1500
Chicago, IL 60602
(312) 238-9592
Fax: (312) 264-2535
agoodman@goodtov.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on October 25, 2017 he caused a copy of the attached **DEFENDANT SURGEEN DEVELOPMENT, LLC'S AMENDED ANSWER TO COMPLAINT** to be served via electronic court filing on all parties listed below:

Gregory Peter Adamo
Clingen Callow & McLean, LLC
2300 Cabot Drive, Ste. 500
Lisle, IL 60532
adamo@ccmlawyer.com
(attorney for Chicago Title Insurance Company)

/s/ Adam Goodman